**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Michael D. Jackson,** ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-01694 |
| ) | |
| v. ) | |
| ) | |
| **America's Dog Management, LLC d/b/a** ) | |
| **America's Dog Navy Pier,** ) | |
| ) | **Jury Trial Demanded** |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Michael D. Jackson ("Plaintiff") in support of his Complaint against America's Dog Management, LLC d/b/a America's Dog Navy Pier ("Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of race, color, and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff Michael D. Jackson, resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant is a corporation doing business in and for Cook County whose address is 700 E. Grand Avenue, Suite 121, Chicago IL 60611.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

11. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title VII. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a Notice of Right to Sue from the EEOC, and Plaintiff

filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

12. The Defendant hired the Plaintiff, Michael D. Jackson, as a cook at, at America's Dog Navy Pier on or around March 21, 2022, until he was unlawfully terminated on the basis of his race (African-American), skin color (Black) and in retaliation for making complaints about racial discrimination.

13. Plaintiff is member of a protected class because of his race and color.

14. Since the beginning of a new supervisor being hired, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has subjected Plaintiff to a hostile work environment because of race and color.

15. Defendant subjected the Plaintiff to offensive, degrading and humiliating comments by co-workers that referenced Plaintiff's race.

16. The environment of discrimination and humiliation pervaded the entire company.

17. Defendant's reason for terminating the Plaintiff was pre-text; Defendant unlawfully terminated the Plaintiff because of his race and for engaging in protected activity.

18. Because of the Defendant's action, the Plaintiff suffered the tangible consequence of losing his job.

19. Defendant's performance expectations of Plaintiff were met or exceed during the entire duration Plaintiff's employment.

20. Plaintiff suffered multiple adverse employment actions including, including but not limited to termination of employment.

21. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his managers.

22. Defendants subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protective class because of his race.

23. On August 28, 2022. On or around May 1, 2022 the Plaintiff's Supervisor, Michelle, Hispanic, began using racial slurs to both the Plaintiff and other African American employees in the restaurant.

24. The Supervisor, Michelle regularly used racial slurs daily towards the Plaintiff and other African American employees on all shifts.

25. The Defendant's supervisor would regularly state to Plaintiff and others, "N*** don't play me." "N*** you fucked up", "N*** I told you to do this".

26. The Defendant's Supervisor, Michelle would also say the word "N***" in casual conversation.

27. On or around August 1, 2022 the Plaintiff reported the severe and pervasive use of racial slurs to the Defendants' General Manager, Angelica.

28. General Manager, Angelica advised the Plaintiff that she would have a conversation with Michelle, however, no action was taken, and the daily use of racial slurs continued.

29. On or about August of 2022, the Plaintiff's supervisor began her campaign of retaliation against the Plaintiff for having reported the abusive and hostile environment.

30. The Plaintiff requested to leave early to his General Manager in order to take his mother to the hospital.

31. The Defendant's General Manager approved the Plaintiff to leave early.

32. However, shortly thereafter the Plaintiff was written up by Supervisor Michelle for leaving the store despite his request having been approved.

33. Thereafter, on or about August 28th, 2022, Plaintiff contacted Supervisor Michelle

to advise that he had a family emergency and that as a result he would be a few minutes late.

34. Upon arriving to the store, the Plaintiff suffered an adverse employment action when the Defendant terminated the Plaintiff's employment.

35. The Defendant has discriminated against the Plaintiff because of his race, African-American, his skin color, black, and was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
### Race-Based Discrimination in Violation of 42 U.S.C. Section 1981

36. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

37. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

38. Defendants' conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

39. Plaintiff was subjected to and harmed by Defendants' systemic and individual discrimination.

40. Defendants' unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

41. Plaintiff demands this count be tried by a jury.

## COUNT II
## Color-Based Discrimination in Violation of
## Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

42. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on his color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

44. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

45. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

46. By reason of Defendants' discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

47. Plaintiff demands that this count be tried by a jury.

## COUNT III
## Race-Based Harassment in Violation of
## Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

48. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

49. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race and color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

50. Defendants knew or should have known of the harassment.

51. The race harassment was severe or pervasive.

52. The race harassment was offensive subjectively and objectively.

53. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his race and his color.

54. Defendants acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Retaliation in Violation of 42 U.S.C. §2000e, *et seq.*

55. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

56. By virtue of the foregoing, Defendant retaliated against Plaintiff based on their reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

57. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

58. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

59. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

60. Plaintiff demands that this count be tried by a jury.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 20th day of March, 2023.

/s/ *Franklin Jara, Esq.*

**FRANKLIN JARA, ESQ.**
**NATHAN C. VOLHEIM, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-8010
Fax (630) 575 – 8188
fjara@sulaimanlaw.com
nvolheim@sulaimanlaw.com
*Counsel for Plaintiff*